**Opinion filed March 16, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00105-CR

_____

### DUSTY TYRONE MADKINS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Gaines County, Texas**
**Trial Court Cause No. 18-4930**

## M E M O R A N D U M   O P I N I O N

Dusty Tyrone Madkins, Appellant, originally pled guilty to the third-degree felony offense of possession of a controlled substance, namely methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2022). Pursuant to the terms of the plea agreement between Appellant and the State, the trial court deferred a finding of guilt and placed Appellant on community supervision for eight years. The State later filed a motion to adjudicate Appellant's guilt. As a result, the trial court adjudicated Appellant's guilt, assessed his punishment at confinement for

ten years and a fine of $1,000, suspended the imposition of the confinement portion of the sentence, and placed Appellant on community supervision for ten years. The State subsequently filed a motion to revoke community supervision. At the contested hearing on the State's motion to revoke, Appellant admitted that he had violated various terms and conditions of his community supervision as alleged in the State's motion to revoke. The trial court found the State's allegations to be true, revoked Appellant's community supervision, and imposed the previously suspended sentence of imprisonment for ten years and the remainder of the $1,000 fine. We modify and affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed a pro se letter in response to counsel's *Anders* brief. In the letter, Appellant states that he wishes to go forward with the appeal and that he would like another court-appointed attorney to help him do so. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that the appeal is without merit. We note that

proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision or the adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the written judgment contains a nonreversible error because of the variance between the oral pronouncement of sentence and the written judgment. In open court, the trial court imposed the sentence of ten years' imprisonment and "the remainder" of the previously assessed fine, which was a $1,000 fine. Contrary to the oral pronouncement, the fine shown on the trial court's written judgment revoking Appellant's community supervision is "$7,200.00 BALANCE."

When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998). Because the trial court actually assessed a $1,000 fine, rather than a $7,200 fine, when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment to show a fine of $1,000 instead of a fine of $7,200.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

We grant counsel's motion to withdraw. We modify the trial court's judgment revoking community supervision to reflect a fine of "**$1,000.00 BALANCE**"; as modified, we affirm the judgment of the trial court.

PER CURIAM

March 16, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.